UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY SPRINGER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. BANK NATIONAL ASSOCIATION AS )<br>TRUSTEE FOR MASTR ASSET BACKED )<br>SECURITIES TRUST 2005-HE1, )<br>MORTGAGE PASS THROUGH )<br>CERTIFICATES, SERIES 2005-HE1; )<br>MASTR ASSET BACKED SECURITIES )<br>TRUST 2005-HE1, MORTGAGE PASS )<br>THROUGH CERTIFICATES, SERIES 2005- )<br>HE1; THE CERTIFICATEHOLDERS OF )<br>MASTR ASSET BACKED SECURITIES )<br>TRUST 2005-HE1, MORTGAGE PASS )<br>THROUGH CERTIFICATES, SERIES 2005- )<br>HE1; MORTGAGE ASSET )<br>SECURITIZATION TRANSACTIONS, INC.; )<br>ROES 1-10 AND DOES 1-10, INCLUSIVE, )<br>REPRESENTING A CLASS OF UNKNOWN )<br>PERSONS WHO CLAIM OR HAVE THE )<br>RIGHT TO CLAIM AN INTEREST IN )<br>CERTAIN REAL PROPERTY LOCATED IN )<br>LAS VEGAS, NEVADA, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 15-cv-1107-JGK |

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Joseph N. Froehlich
LOCKE LORD LLP
Three World Financial Center
New York, NY 10281-2101
Telephone: 212-415-8600
Facsimile: 212-303-2754

*Attorneys for Defendant U.S. Bank National
Association, Trustee*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .....................................................................................................................................2

   I.   PLAINTIFF DOES NOT CONTEST DISMISSAL OF ITS COUNTS BASED ON THE NEW YORK GBL, THE NEVADA DTPA, THE FDCPA AND TILA .............2

   II.   PLAINTIFF LACKS STANDING TO BRING CLAIMS BASED ON THE DOCUMENTS INVOLVED IN THE SECURITIZATION ......................................3

   III.   PLAINTIFF'S AMENDED COMPLAINT DOES NOT MEET FEDERAL PLEADING STANDARDS..................................................................................................6

      A.  None of Plaintiff's Claims Satisfy Rule 8(a)'s Threshold Notice Requirement. .........6

      B.  Plaintiff's Fraud-Based Claims Do Not Satisfy Rule 9(b)'s Heightened Standard. ....6

CONCLUSION ..................................................................................................................................7

# **INDEX OF AUTHORITIES**

**Page(s)**

**CASES**

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (2009) .............................................................................................................. 6

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................................. 6

In re Discon Corp.,
   346 F.Supp. 839 (S.D. Fla. 1971) ............................................................................................ 4

Hanig v. Yorktown Central School District,
   384 F.Supp.2d 710 (S.D.N.Y. 2005) ....................................................................................... 3

Hoag v. Turney,
   269 N.Y.S. 317 (1st Dep't 1934) .............................................................................................. 1

Kirschbaum v. Elizabeth Ortman Trust,
   2004 WL 1372542, 3 Misc. 3d 1110(A) (Sup. Ct., Suffolk Cty. Mar. 10, 2004) ......... 1

Masterson v. The Bank of New York Mellon,
   Case No. CV 14-08741, 2015 WL 1285039 (C.D. Cal. March 20, 2015) ......................... 4, 5

Mohlman v. Long Beach Mortgage,
   12-cv-10120, 2013 WL 490112 (Feb. 8, 2013 E.D. Mich.) ................................................ 5, 6

Oliver v. Delta Financial Liquidating Trust,
   12-cv-869, 2012 WL 3704954 (Aug. 27, 2012 D. Oreg.) ........................................................ 5

Rajimin v. Deutsche Bank Nat. Trust Co.,
   757 F.3d 79 (2d Cir. 2014) .................................................................................................. 3, 4

Senno v. Elmsford Union Free School District,
   812 F.Supp. 2d. 454 (S.D.N.Y. 2011) ..................................................................................... 3

Tran v. Bank of New York,
   592 Fed.Appx. 24 (2nd Cir. 2015) ........................................................................................... 4

Williams v. The Bank of New York Mellon Trust Co.,
   13-cv-6814, 2015 WL 430290 (Feb. 2, 2015 E.D.N.Y.) ......................................................... 5

**CONSTITUTION AND STATUTES**

26 U.S.C. §§860A-860G ................................................................................................. 5

Defendant U.S. Bank National Association, as Trustee for the MASTR Asset Backed Securities Trust 2005-HE1, Mortgage Pass Through Certificates, Series 2005-HE1 ("U.S. Bank, Trustee" or "Defendant") respectfully submits this Reply Memorandum of Law in support of its motion to dismiss the Amended Complaint of plaintiff Randy Springer ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(b), and 12(b)(6).[1]

## PRELIMINARY STATEMENT

Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Opp. Brf.") is a free flowing document that jumps around, addressing items that do not appear relevant to this case.[2] In doing so, Plaintiff makes no attempt to refute Defendant's

---

[1] Plaintiff has also brought suit against the Trust itself (i.e., MASTR Asset Backed Securities Trust 2005-HE1, Mortgage Pass Through Certificates, Series 2005-HE1). Under New York law, a trust is not a person that can sue or be sued, and litigation involving a trust must be brought by or against the trustee in its capacity as such, and therefore any claim against the Trust must be dismissed. See, e.g., Kirschbaum v. Elizabeth Ortman Trust, 2004 WL 1372542, at *2, 3 Misc. 3d 1110(A) (Sup. Ct., Suffolk Cty. Mar. 10, 2004) (trustees "as legal owners of the trust estate generally sue and are sued in their own capacity" because the trust itself lacks capacity to act) (internal citation removed; citing to Hoag v. Turney, 269 N.Y.S. 317 (1st Dep't 1934)). At a very minimum, the claims against the Trust should be dismissed.

[2] For example, on page 6 of the Opposition Brief, the Plaintiff states: "Plaintiff did not disclose the their (sic) intent to file this lawsuit during their bankruptcy disclosures because at the time of the bankruptcy filings Plaintiff had yet to have uncovered the Defendants nefarious acts and therefore were only operating on the information to be known to them at the time." It is unclear what Plaintiff is referring to, as there has been no mention of a bankruptcy in the Amended Complaint or in the Motion to Dismiss. Plaintiff also makes reference to the "Defendants' . . . bringing in extrinsic evidence" as a basis

1

arguments for the dismissal of the claims for violation of N.Y. General Business Law 349, violation of the Nevada Deceptive Trade Practices Act, violation of the Fair Debt Collection Practices Act ("FDCPA") and violation of the Truth-in-Lending Act ("TILA").  To the extent that Plaintiff's argument can be understood, it appears that Plaintiff is attempting to circumvent clear cut precedent that shows he lacks standing to attack the securitization process by claiming that he is alleging inconsistencies between the Assignments of the Deed of Trust and the Prospectus.  Plaintiff's attempt fails, as the controlling Second Circuit precedent on this issue specifically applies to the Assignment that Plaintiff is contesting.  Likewise, the other Federal Court that has addressed an attempt to proffer a "Prospectus Based-Claim" has also found that there is no standing to assert such a claim.  Plaintiff's Amended Complaint should be dismissed.

## ARGUMENT

### I.
### PLAINTIFF DOES NOT CONTEST DISMISSAL OF ITS COUNTS BASED ON THE NEW YORK GBL, THE NEVADA DTPA, THE FDCPA AND TILA

Defendant's Memorandum of Law in Support of its Motion to Dismiss set forth arguments to dismiss Plaintiff's claims for a violation of N.Y. General Business Law ("NYGBL") 349, violation of the Nevada Deceptive Trade Practices Act ("Nevada DTPA"), violation of the Fair Debt Collection Practices Act ("FDCPA") and violation of the Truth-in-Lending Act ("TILA").  In summary, the counts and the reasons for dismissal were as follows:

> Count 16: NYGBL § 349 – A Nevada Plaintiff's claims for actions that occurred in Nevada do not include "services rendered in New York", which is required for a NYGBL claim.

---

to deny the motion (Opp. Brf. at 5), which is hard to understand as there was no reference to extrinsic evidence in the Motion to Dismiss.

> Count 17: Nevada DTPA – The Nevada DTPA does not apply to mortgage transactions and real estate, but only to transactions of goods and services.
>
> Count 18: FDCPA – Plaintiff has not pled that the Trust or the Trustee is a "debt collector" as defined in the FDCPA.
>
> Count 19: TILA – Plaintiff's claim is asserted outside the 1 year statute of limitations for TILA damages claims.[3]

Having failed to address these arguments, Plaintiff concedes these points and these claims should be dismissed. Senno v. Elmsford Union Free School District, 812 F.Supp. 2d. 454, 468 (S.D.N.Y. 2011) ("Plaintiff did not address this argument in his opposition papers, which operates as an abandonment of the argument."); Hanig v. Yorktown Central School District, 384 F.Supp.2d 710, 723 (S.D.N.Y. 2005) ("Consequently, because plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed.").

## II.
## PLAINTIFF LACKS STANDING TO BRING CLAIMS BASED ON THE DOCUMENTS INVOLVED IN THE SECURITIZATION

Plaintiff's opposition to the motion to dismiss tries, without merit, to distance itself from the multiple holdings that show that borrowers do not have standing to make claims that the Real Estate Mortgage Investment Conduit ("REMIC") Trust that holds their loan somehow did not properly follow the REMIC's governing documents when there was an assignment of the borrower's note and/or mortgage. Plaintiff tries to distinguish the controlling precedent of Rajimin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79 (2d Cir. 2014) by simply stating that he is

---

[3] While Plaintiff's Opposition Brief does have a section related to TILA (see Opp. Brf. at 13), that section does not address the statute of limitations, which would preclude the TILA claim.

3

asserting that the Assignment conflicts with the Prospectus, not the Pooling and Servicing Agreement ("PSA"). The problem for Plaintiff is that the holding of Rajimin is not just limited to a PSA, but also applies to the Plaintiff's "Prospectus Theory", which has been rejected by other federal courts.

Plaintiff admits that he is seeking to assert that the Assignment conflicts with the Prospectus and other loan documents. The Rajimin court directly addressed the same type of claim, namely one in which the borrowers attacked the Assignment as being contradicted by the underlying securitization documents. 757 F.3d at 82-83. The key is that the Rajimin court found that the borrower did not have standing to attack **the Assignment.**

> [T]he district court correctly noted that plaintiffs were not parties to the assignment agreements. And plaintiffs have not shown that the entities that were parties to those agreements intended that plaintiffs—whose financial obligations were being bought and sold—would in any way be beneficiaries of the assignments. We conclude that the district court properly ruled that plaintiffs lacked standing to enforce the agreements to which they were not parties and of which they were not intended beneficiaries.

Id. at 87. Like in Rajimin, the plaintiff here bases his claim on some sort of impropriety with the Assignment, a document he has no standing to attack. Id.; see also Tran v. Bank of New York, 592 Fed.Appx. 24 (2nd Cir. 2015).

Plaintiff also claims that there are no cases where the court has dismissed a claim by a borrower alleging a conflict between the assignment and the prospectus. (See Opp. Brf. at 9). This is simply not true. The Prospectus is a document that is provided to potential investors, whose purpose is to "prevent fraud by fully and fairly disclosing the nature and finances of the company **to investors** who contemplate investing in the company." In re Discon Corp., 346 F.Supp. 839, 844 (S.D. Fla. 1971)(emphasis added). Plaintiff makes no allegation that he was an investor, or even potential investor, in the securities issued by the Trust, thus, he has no standing

4

to raise any alleged improprieties with the Prospectus. In fact, the plaintiffs in <u>Masterson v. The Bank of New York Mellon</u>, Case No. CV 14-08741, 2015 WL 1285039 (C.D. Cal. March 20, 2015) also alleged a breach of the Prospectus in their amended complaint. In <u>Masterson</u> the court dismissed with prejudice the plaintiffs' "Prospectus-Based Claims" for lack of standing. <u>Id.</u> at *2 ("Plaintiffs provide no authority for that proposition nor any argument why any such entitlement would confer standing upon Plaintiffs to challenge the Prospectus."). A similar result is warranted in this instance.[4]

---

[4] Counts 1 through 15 and 20 all rely on a claim that the Assignment conflicts with the underlying securitization documents. Thus, the lack of standing argument applies to all of these causes of action. To the extent that the Court focuses on any of these cause of action in particular, Defendant notes that there is no private right of action for the alleged violations of the REMIC tax statute (26 U.S.C. §§860A-860G) in Counts Three through Eight of the Amended Complaint. <u>Williams v. The Bank of New York Mellon Trust Co.</u>, 13-cv-6814, 2015 WL 430290 at *4 fn 4 (Feb. 2, 2015 E.D.N.Y.) ("Any claim by plaintiffs [of] the purported failure of the trust 'to satisfy the timing and definitional requirements which are necessary to qualify for REMIC status' . . . fails because 'there is no private right of action available to challenge any perceived violation of 26 U.S.C. §§860A-G.'"); <u>see also</u> <u>Mohlman v. Long Beach Mortgage</u>, 12-cv-10120, 2013 WL 490112 at *5 (Feb. 8, 2013 E.D. Mich.); <u>Oliver v. Delta Financial Liquidating Trust</u>, 12-cv-869, 2012 WL 3704954, at *2, fn. 8 (Aug. 27, 2012 D. Oreg.).

## III.
## PLAINTIFF'S AMENDED COMPLAINT DOES NOT MEET FEDERAL PLEADING STANDARDS.

### A.   None of Plaintiff's Claims Satisfy Rule 8(a)'s Threshold Notice Requirement.

Plaintiff attempts to address his failure to meet the proper pleading standards by quoting a 1916 California state case.[5] (See Opp. Brf. at 10, quoting Colm v. Francis, 30 Cal. App. 742, 752 (1916)). Obviously, this is improper, as the standards set out by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) are the operative precedents for Federal Court. As explained in the moving brief, Plaintiff fails to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

### B.   Plaintiff's Fraud-Based Claims Do Not Satisfy Rule 9(b)'s Heightened Standard.

Similar to the claims for NYGBL, Nevada DTPA, FDCPA and TILA, the Plaintiff makes no attempt to explain how he has met the heightened standard imposed by Rule 9(b). Plaintiff's Amended Complaint, which lumps the Defendants under a general title, certainly fails to provide any defendant with the specifics of what statement was made, when it was said, who said it and why the statement is fraudulent. For example, Plaintiff claims representations were made to induce him to pay his loan (something he is legally obligated to do), without explaining when such representation was made, who made it and where they made it. (Amnd. Compl., ¶ 215). Such claims are patently insufficient. See, e.g., Mohlman v. Long Beach Mortgage, 12-cv-10120, 2013 WL 490112 at *5 (Feb. 8, 2013 E.D. Mich.) (applying Rule 9(b) and dismissing

---

[5]   Plaintiff appears to be copying his pleadings from a California case. He cites to numerous California state cases (see Opp. Brf. at 8, 10) and uses a California pleading form that contains the line numbering on the side of the page. This may explain why portions of the Opposition Brief seem to have no application to this case and the current motion to dismiss.

similar fraud claim of a borrower that was based on allegations of "bogus documents" and "failure to disclose").  Plaintiff's failure to address this point concedes that the fraud claim should be dismissed.

## CONCLUSION

For the reasons set forth above and in the Memorandum of Law in Support of the Motion to Dismiss, U.S. Bank, Trustee respectfully request that the Court grant its motion and dismiss the Amended Complaint in its entirety.

Dated:  September 9, 2015      **LOCKE LORD LLP**

By: */s/ Joseph N. Froehlich*
Joseph N. Froehlich
jfroehlich@lockelord.com
Three World Financial Center
New York, New York  10281-2101
Phone: (212) 812-8345
*Attorneys for Defendant U.S. Bank, Trustee*

## CERTIFICATE OF SERVICE

      I hereby certify that, on September 9, 2015, I electronically filed the foregoing with the clerk of the Court by using the Court's CM/ECF system, and accordingly served all parties who receive notice of the filing via the Court's CM/ECF system.   Additionally I served Plaintiff Randy Springer by mailing a copy to him at the following address:  1100 Warm Canyon Way, Las Vegas NV 89123.

                                               *s/ Joseph N. Froehlich*
                                                 Joseph N. Froehlich

NY 801758v.1